UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY EVERETTE BOURQUE                                              CIVIL ACTION

VERSUS                                                              NUMBER: 18-7459

LADY OF THE SEA HOSPITAL, ET AL.                                    SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* by *pro se* Plaintiff, Larry Everette Bourque, against the following Defendants: the Lady of the Sea Hospital ("Lady of the Sea") in Cutoff, Louisiana; Dr. Guy Lefort of Lady of the Sea; Doctor Jackson of Lady of the Sea; Pharmacist Tim Callais of the Golden Meadow Clinic Drug Store; Dr. William Crenshaw of Lady of the Sea; Dr. J. Vega of Lady of the Sea; the Samart-Mothe Funeral Home in Cutoff; and Dr. Camille Pitre of Lady of the Sea.[1] (Rec. doc. 7, pp. 1, 4).

Plaintiff Bourque is an inmate of the Concordia Parish Correctional Facility in Ferriday, Louisiana, who was previously confined at the Lafourche Parish Detention Center in Thibodaux, Louisiana. (Rec. docs. 4; 7, pp. 2, 3; 1, p. 5). The subject matter of Plaintiff's complaint, however, is unrelated to either of those correctional facilities. Rather, Plaintiff complains of the quality of the medical care that was administered to his wife by the named Defendant health care providers prior to her unfortunate death in August of 2017 and of the subsequent handling of his wife's remains by the Samart-Mothe Funeral Home. (Rec. doc. 7,

---

[1] In the self-styled complaint that he originally submitted for filing, Bourque included Investigator Chad Vining of the Lafourche Parish Coroner's Office as an additional Defendant. (Rec. doc. 1, pp. 1, 8, 17). When directed by the Clerk's Office to re-submit his complaint on the standardized §1983 form, Bourque made the conscious decision to drop Vining as a Defendant, scratching his name off of the list of named Defendants in the caption of his complaint and omitting Vining from the roll of named Defendants on page four. (Rec. doc. 7, pp. 1, 4). The Court thus proceeds on the assumption that Vining is not a party to this suit.

pp. 4-15). Plaintiff indicates that he brought the circumstances surrounding the treatment of his late wife to the attention of the Louisiana State Medical Board and the Louisiana Department of Health and despite having been offered $270,000.00 in compensation, he seeks to have this Court determine the damages to which he is entitled. *Id.* at pp. 4, 16, 17-18).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 8). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The first Defendant named by Plaintiff in this matter is the Lady of the Sea Hospital in Cutoff, Louisiana. Plaintiff also names as additional Defendants five physicians in Lady of the Sea's employ. Lady of the Sea's proper name is the Hospital District No. 1 of the Parish of Lafourche, d/b/a Our Lady of the Sea General Hospital. *See*, *e.g.*, *Hartman v. Lafourche Parish Hosp.*, 262 F.Supp.3d 391, 394 (E.D. La. 2017); *Hosp. Serv. Dist. No. 1 of the Parish of Lafourche v. Thompson*, 343 F.Supp.2d 518, 522 (E.D. La. 2004). Such hospital service districts are considered to be political subdivisions of the State. *Le v. Unum Ins. Co. of America*, No. 17-CV-0833, 2018 WL 3999730 at *9-11 (E.D. La. Aug. 21, 2018)(Brown, J.); *Andrus v. Unum Life Ins. Co. of America*, No. 16-CV-1112, 2017 WL 2364247 at *3-6 (E.D. La. May 31, 2017)(Morgan, J.); *Bertrand v. Sandoz*, 260 La. 239, 255 So.2d 754, 758-59 (La. 1971). Political subdivisions

of a state, however, as well as the subdivision's officials acting in their official capacity, are not considered to be "persons" within the meaning of §1983.[2/] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985). In addition, the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)). In light of these authorities, Plaintiff's §1983 claims against Lady of the Sea and Doctors Lefort, Jackson, Crenshaw, Vega, and Pitre should be dismissed pursuant to §1915(e)(2)(B)(i) and (ii). *Stewart v. Warner*, No. 13-CV-4759, 2014 WL 3498165 at *3 (E.D. La. Jul. 15, 2014).

The remaining two Defendants in this matter are Pharmacist Tim Callais of the Golden Meadow Clinic Drug Store and the Samart-Mothe Funeral Home. As noted, in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). As a general rule, private pharmacists and funeral homes do not act under color of state law for purposes of §1983 liability. *Guilliam v. Wal-Mart Pharmacy*, No. 09-CV-0015, 2009 WL 1009879 at *2

---

[2/] 42 U.S.C. §1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

(N.D. Tex. Apr. 14, 2009)(pharmacist); *Smith v. Fulton*, No. 02-CV-2300, 2002 WL 31906380 at *2 (N.D. Tex. Dec. 26, 2002)(funeral home).  Accordingly, Plaintiff's purported §1983 claims against Callais and Samart-Mothe should also be dismissed with prejudice as frivolous.  *Smith*, 2002 WL 31906380 at *2.  And to the extent that Plaintiff's complaint can be read as naming Chad Vining as an additional Defendant (*see* note 1, *supra*), no actionable §1983 claim against him lies here for the following reason.  Plaintiff's allegations against Vining are that he conducted only a three-hour investigation into the circumstances surrounding the death of Plaintiff's wife before concluding that there was no foul play and declining to preserve the deceased's remains for further study.  (Rec. doc. 7, p. 14).  Private citizens like Plaintiff, however, have no constitutional right to have their complaints investigated by federal or local officials, much less a right to have those complaints resolved to their satisfaction.  *Hall v. Peck*, No. 16-CV-13527, 2017 WL 745729 at *2 (E.D. La. Jan. 11, 2017), *adopted*, 2017 WL 788354 (E.D. La. Feb. 23, 2017)(citing *Bartholomew v. Ladreyt*, No. 14-CV-1468, 2015 WL 365525 at *4 (E.D. La. Jan. 27, 2015)); *Lovoi v. Federal Bureau of Investigation*, No. 99-CV-3563, 2000 WL 33671769 at *2 n. 4 (E.D. La. Mar. 31, 2000).  Stripped to essentials, the primary thrust of Plaintiff's complaint sounds in the nature of medical malpractice which is a state-law matter that does not give rise to a §1983 cause of action.[3]/  *Brooks v. Miller*, No. 15-CV-5419, 2016 WL 144889 at *6 (E.D. La. Apr. 13, 2016).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

---

[3]/ Plaintiff's complaint is otherwise insufficient to invoke the Court's diversity jurisdiction under 28 U.S.C. §1332.  *Hawthorne v. Tulane Hosp. and Clinic*, No. 18-CV-4644, 2018 WL 3466954 at *2 (E.D. La. Jun. 27, 2018), *adopted*, 2018 WL 3455717 (E.D. La. Jul. 18, 2018)(Africk, J.).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this  24th  day of   September  , 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

5